# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAREN GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-12099 |
| | ) | |
| AMSAI INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant, | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Karen Glass (hereinafter, "Ms. Glass"), by and through her attorneys, hereby alleges for her Complaint against Amsai Inc. (hereinafter, "Amsai"), on personal knowledge and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      In this action, Plaintiff seeks injunctive relief and damages for willful and ongoing patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2.      Plaintiff, Ms. Glass, is an individual residing at 8 Olympia Way, Andover, MA, 01810.

3.      Defendant, Amsai, is a California corporation with a principal place of business and registered agent located at 167 Via Trevizio, Corona, CA 92879.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1, et seq. This Court has an exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338.

5.     This Court has a personal jurisdiction over Defendant conducting business and/or selling products into the stream of commerce within the Commonwealth of Massachusetts.

6.     Venue is proper in this District under 28 U.S.C. § 1391 and §1400.

## GENERAL ALLEGATIONS

7.     On November 29, 2016, the United States Patent and Trademark Office ("PTO") issued the D773,089S Patent (hereinafter, the "D'089 Patent") after a full and fair examination.

8.     The D'089 Patent claims the ornamental design for a lamp, as shown in seven (7) exemplary drawings. A true and correct copy of the D'089 Patent is attached hereto as **Exhibit 1**.

9.     Ms. Glass markets and sells multiple lamp products online that are the commercial embodiments of the design protected by the D'089 Patent claim, particularly on Amazon.

10.     Ms. Glass's lamp products comprise a unique aesthetic appearance, protected by the D'089 Patent, and are featured prominently on her Amazon seller page, entitled "Daylight 24 – Natural Daylight Anytime." A true and correct copy of Ms. Glass's Amazon seller page is attached hereto as **Exhibit 2**.

11.     Ms. Glass has spent considerable time, effort, and financial resources in developing, promoting, and selling her lamp products, relying on the protection of the D'089 Patent.

12.     Without authorization, Defendant is now engaging in commercial activities including, but not limited to, making, using, and selling lamps that are substantially similar, if not identical, to the design depicted in the D'089 Patent.

13.     Defendant is causing harm and damages to Ms. Glass by not only copying the lamp design protected by the D'089 Patent but also by selling its knockoffs online for significantly lower prices than Ms. Glass's unique lamps, particularly on Amazon.

## COUNT I

### Infringement of the D'089 Patent

14.     Plaintiff is informed, believes and thereon alleges that Defendant imported, distributed, offered for sale and/or sold to customers within the United States, and is still continuing to do so, an adjustable LED beam floor lamp, which Defendant refers to as the "O'Bright Ray" (hereinafter, the "Accused Product").

15.     The Accused Product is offered to consumers in at least three different colors or finishes and is currently being sold online, particularly on Amazon. A true and correct copy of Defendant's Amazon product listing for one embodiment of the Accused Product is attached hereto as **Exhibit 3**.

16.     The Accused Product infringes the D'089 Patent because an ordinary observer would be deceived into purchasing the Accused Product believing it to have the design depicted in the D'089 Patent.

17.    A claim chart comparing exemplary figures from the D'089 Patent to the certain embodiments of the Accused Product is attached hereto as **Exhibit 4**. As demonstrated in the claim chart, the Accused Product is substantially similar, if not identical, to the claimed design of the D'089 Patent.

18.    Plaintiff is informed, believes and thereon alleges that Defendant has intentionally, willfully, and/or knowingly engaged in the conduct described herein in that Defendant has known of the D'089 Patent. With knowledge of the D'089 Patent, Defendant knowingly sold the Accused Product into the stream of commerce with specific intent.

19.    Plaintiff is informed, believes and thereon alleges that Defendant has had actual knowledge of infringement via correspondence between Plaintiff's agents and Defendant as early as March 16, 2023. A true and correct copy of the cease-and-desist letter sent by Plaintiff's counsel to Defendant's registered agent is attached hereto as **Exhibit 5**.

20.    As a consequence of the infringing activities of Defendant regarding the D'089 Patent as complained of herein, Plaintiff has suffered monetary damages, and Plaintiff will continue to suffer such damages in the future unless and until Defendant's infringing activities are enjoined by this Court.

### <u>RELIEF</u>

Plaintiff respectfully requests the following relief:

A.    That Defendant be declared to have infringed, and/or induced others to infringe the D'089 Patent;

B.    That Defendant, its officers, agents, servants, employees, attorneys, parents, subsidiaries, affiliates, successors, and all others in active concert or participation with

them or acting on their behalf be permanently enjoined from further infringement of the D'089 Patent;

C.     That Defendant be ordered to account for and pay to Plaintiff all damages caused to Plaintiff by reason of Defendant's past willful infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs and disbursements pursuant to 35 U.S.C. § 284, including enhanced damages, and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including without limitation those sales not presented at trial;

D.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendant's infringement of the D'089 Patent;

E.     An order finding that Defendant's infringement has been willful, and that the circumstances presented justify trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

F.     That this be declared an "exceptional case" pursuant to 35 U.S.C. §285 and that Defendant be ordered to pay Plaintiff's attorneys fees and costs; and

G.     That Plaintiff be granted such other and further relief as the case may require and the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

Date: September 13, 2023.                    Respectfully submitted by,
                                             Attorney for Plaintiff
                                             Karen Glass

                                             /s/ Brendan M. Shortell
                                             Brendan M. Shortell (BBO# 675851)
                                             Lambert Shortell & Connaughton
                                             100 Franklin Street, Suite 903
                                             Boston, MA 02110
                                             Telephone: 617.720.0091
                                             connaughton@lambertpatentlaw.com