# **Exhibit 5**

**LSC Lambert Shortell & Connaughton**
IP  Patents | Trademarks | Litigation

March 16, 2023

*Via USPS and Electronic Mail*

Amsai Inc.
167 Via Trevizio
Corona, CA 92879

   RE: <u>**O'Bright Inc. Patent Infringement**</u>

To Whom It May Concern:

  We represent the owner (hereinafter, "Ms. Glass") of United States Patent No. D773,089, and write to you regarding the patent infringing conduct of Amsai Inc.

  As you undoubtedly know, Ms. Glass, via her company Daylight 24, sells certain patented lamps. It has come to our attention that O'Bright is selling unauthorized infringing versions of these lamps:
https://www.amazon.com/OBright-Ray-Adjustable-Spotlight-Gooseneck/dp/B0BDCF3611?ref_=ast_sto_dp&th=1
  (hereinafter "the Infringing Products").

  The fact that these products are unauthorized knock-offs which infringe the D773,089 Patent is readily apparent because they are identical to the claimed invention as shown in the drawings.

  Whoever infringes a utility patent claim is in violation of Federal Law, specifically, Title 35 Section 271 of the United States Code, and is subject to suit in Federal Court.[1] The Court has the power to issue an injunction[2] shutting down any sales of any infringing product(s) and award damages to the patent owner in an amount that is no less than a reasonable royalty.[3] Moreover, in the case of willful or knowing infringement, the Court is authorized by statute to award three times the actual amount of damages and may even require the infringer to pay the patent owner's attorney fees. Such fees may actually exceed the total infringement damages in the event of a small total sales volume for the infringing product.

  Thus, Ms. Glass demands that O'Bright, Inc. (1) immediately stop all production, marketing, and sale of the Infringing Product; (2) send a written confirmation that all infringing activity has ceased; (3) Provide a $20,000 payment for past damages; and (4) provide documentation of the manufacturer of the infringing products including, but not limited to, Bill of Lading documents and commercial invoices.

---

[1] 35 U.S.C. §281
[2] 35 U.S.C. §283
[3] 35 U.S.C. §284

Nothing in this letter should be construed to constitute an express or implied waiver of any rights or remedies that Ms. Glass may have or hereafter obtain in connection with this matter, all of which are hereby expressly reserved. In addition, this letter is not intended to be a complete recitation of the facts or causes of action relating to this matter.

I look forward to hearing from you by March 31, 2023. If we do not hear from you by then, we will file a complaint with Amazon and work to remove your infringing listing. We trust that you will comply with the requests set forth above, including your written confirmation as set forth herein.

Best Regards,

/s/ David J. Connaughton
David J. Connaughton, Esq.
connaughton@lambertpatentlaw.com

Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110
Direct: 617-720-0091

Enclosures:
United States Patent No. D773,089

https://www.amazon.com/OBright-Ray-Adjustable-Spotlight- Gooseneck/dp/B0BDCF3611?ref_=ast_sto_dp&th=1